1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PETER NAVARRO JR.,

11                   Plaintiff,                 No. CIV S-08-2562 JAM EFB PS

12            vs.

13   STATE OF CALIFORNIA, et al.,

14            Defendants.                       FINDINGS AND RECOMMENDATIONS

15   _____/

16        Plaintiff, proceeding pro se, is suing for money damages for alleged violations of his

     constitutional rights arising out of his prosecution for a charge of sexual activity with a minor.[1]

17
     Presently pending are three motions to dismiss plaintiff's complaint[2], submitted for decision on

18
     the papers on January 29, 2009.  Dckt. Nos. 7, 9, 21, 33.  For the following reasons, this court

19
     recommends that the motions be granted in part.

20
     BACKGROUND

21
          Plaintiff filed this action for damages following a decision of the California Court of

22
     Appeal, First Appellate District, reversing plaintiff's conviction on a charge of sexual

23

24        [1] Plaintiff paid the filing fee.

25        [2] The operative complaint in this case was filed on October 28, 2008.  Due to
     inconsistences in the page numbering of plaintiff's many filings, the court has referred to all
26   page numbers as they appear on the court's electronic filing system.

                                              1

1   misconduct with a minor for failure of the trial court to give a unanimity instruction to the jury.

2   Dckt. No. 1.  Plaintiff seeks damages only, for the alleged violation of his civil rights associated

3   with his conviction, confinement, medical care while incarcerated and required registration as a

4   sex offender.

5          The complaint (which is more than 150 pages in length, including exhibits) is hardly a

6   model of clarity.  It fails to conform to the pleading requirements of Fed. R. Civ. P. 8, as it lacks

7   a straightforward and complete statement of the pertinent facts, and the legal claims fail

8   generally to identify the defendants to whom the claims are directed.  Although no specific cause

9   of action is identified, it appears from the complaint that plaintiff is attempting sue under 42

10  U.S.C. § 1983 for alleged violations of his constitutional rights and the complaint will be

11  construed accordingly.  Nonetheless, the complaint is both vague and rambling.  Particularly

12  lacking is a coherent chronology explaining plaintiff's repeated reference to his "three trials."

13  The following facts are therefore pieced together from the complaint, the motions to dismiss and

14  plaintiff's oppositions and additional exhibits.  The court has attempted to match the appropriate

15  defendants to the proper claims.

16         On March 24, 2004, in Solano County Superior Court, plaintiff was charged with four

17  counts of sexual misconduct with a minor.  *See* Felony Complaint, *People v. Navarro*, Solano

18  County Superior Court Case No. FCR 214694 (Ex. A to Defendants' Request for Judicial Notice,

19  Dckt. No. 7).[3]  On February 6, 2006, plaintiff was convicted by a jury of only one count,

20  violation of California Penal Code § 288(c)(1) (lewd act on a minor 14 or 15 years of age).  *Id.*,

21  Ex. B.  On March 13, 2006, plaintiff appealed the conviction.  *Id.*, Ex. C.  On October 9, 2007,

22  the California Court of Appeal, First Appellate District, reversed the conviction on the ground

23

24         [3] The court may consider judicially noticed facts, *Mullis v. United States Bankruptcy
    Court*, 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings,
25  orders and other papers filed with the court, *Mack v. South Bay Beer Distributors*, 798 F.2d
    1279, 1282 (9th Cir. 1986)(abrogated on other grounds by *Astoria Federal Savings and Loan
26  Ass'n v. Solimino*, 501 U.S. 104 (1991)).

1    that the trial court had prejudicially erred in failing to give an unanimity instruction to the jury,

2    requiring the jury to agree upon a specific act underlying the conviction rather than a continuous

3    course of conduct.  *Id.*, Ex. D (*People v. Navarro*, California Court of Appeal, First Appellate

4    District Case No. A113201; *see also People v. Navarro*, 2007 WL 2923974 at *8 (Cal. App. 1

5    Dist. October 9, 2007)).[4]

6            Plaintiff served time in prison and was released around August or September 2007.[5]

7    Dckt. No. 22 at 9.  At some point in this time period Solano County Superior Court refused to

8    hear plaintiff's habeas petition.  Compl. at 32.

9            Plaintiff was retried in March 2008.  Compl. at 3.  The court assumes it was solely on the

10   § 288(c)(1) charge and that the jury deadlocked, as a third trial was held in May 2008.  *Id.*  In

11   that third trial the jury deadlocked on the single charge under § 288(c)(1), and the District

12   Attorney's office dismissed the case in the interest of justice.  Dckt. No. 31 at 6.

13           On August 8, 2008, in compliance with the California Tort Claims Act, plaintiff filed a

14   claim with the California Victim Compensation and Government Claims Board.  By letter dated

15   September 2, 2008, plaintiff was informed that his claim would be placed on the Board's consent

16   agenda.  On October 23, 2008, the Board rejected plaintiff's claim and stated: "Board staff

17   believes that the court system is the appropriate means for resolution of these claims, because the

18   issues presented are complex and outside the scope of analysis and interpretation typically

19   undertaken by the Board."  Compl. at 150.

20            Thereafter, plaintiff filed the instant suit alleging that the Solano County District

21   Attorney's office secured plaintiff's criminal conviction by knowingly relying on false or

22

23           [4]  The Court of Appeal found that the absence of an unanimity instruction resulted in a
     verdict that failed to demonstrate agreement by the jury on the specific conduct for which

24   plaintiff was found guilty and such error could not be said to be harmless beyond a reasonable
     doubt.  *People v. Navarro*, California Court of Appeal, First Appellate District Case No.
     A113201; *see also People v. Navarro*, 2007 WL 2923974 at *8 (Cal. App. 1 Dist. Oct. 9, 2007).

25

26           [5]  Plaintiff states he served a three year term and was released with good time credits.
     Compl. at 32.

1  misleading evidence, including the allegedly perjured testimony of Vacaville Police Officers

2  Donaldson and Datzman; that plaintiff was wrongly incarcerated and, while incarcerated, denied

3  adequate medical care, causing plaintiff pain and suffering, including a heart attack shortly after

4  his release; that plaintiff was subjected to unreasonable and vague parole conditions; and that

5  plaintiff's name was improperly and incorrectly placed on the state's Sex Offender Registry, and

6  not promptly removed from the registry at the appropriate time.  Plaintiff claims multiple

7  violations of his civil rights and seeks $459,000 in compensatory damages, $3,000,000 in

8  general damages and punitive damages.

9       Motions to dismiss the complaint have been filed by all of the named defendants, as

10  follows:  (1) County of Solano, Solano County District Attorney David Paulson and Solano

11  County Deputy District Attorney Julie Underwood ("Solano County Defendants"), Dckt. No. 7;

12  (2) City of Vacaville, Vacaville Police Department, Vacaville Police Chief Richard Word and

13  Vacaville Police Officers Raye Donaldson and Jeffrey Datzman ("Vacaville City Defendants"),

14  Dckt. No. 9; and (3) State of California; California Governor Arnold Schwarzenegger, California

15  Department of Justice; California Attorney General Edmund G. Brown, Jr.; California

16  Department of Corrections, and its Secretary, Matthew Cate; and California Board of Prison

17  Terms, and its Chairman, Robert Doyle ("State Defendants"), Dckt. No. 21.[6]

18  LEGAL STANDARD

19       In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

20  complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it

21  must contain factual allegations sufficient to "raise a right to relief above the speculative level."

22  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something

23  more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable

24  right of action."  *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216,

25

26       [6] Plaintiff has opposed and filed other papers in response to these motions, Dckt. Nos.
16, 17, 22, 24, 28, 34, 38, and defendants have replied, Dckt. Nos. 26, 27, 30, 31.

1    pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as

2    true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, __ U.S. __, 129

3    S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility

4    when the plaintiff pleads factual content that allows the court to draw the reasonable inference

5    that the defendant is liable for the misconduct alleged."  *Id.*

6            In considering a motion to dismiss, the court must accept as true the allegations of the

7    complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

8    the pleading in the light most favorable to the party opposing the motion and resolve all doubts

9    in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

10   (1969).  The court will "'presume that general allegations embrace those specific facts that are

11   necessary to support the claim.'"  *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

12   (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  Moreover, pro se

13   pleadings are held to a less stringent standard than those drafted by lawyers.  *Haines v. Kerner*,

14   404 U.S. 519, 520 (1972).

15           The court may consider facts established by exhibits attached to the complaint.  *Durning*

16   *v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

17   which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987),

18   and matters of public record, including pleadings, orders, and other papers filed with the court,

19   *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not

20   accept legal conclusions "cast in the form of factual allegations."  *W. Mining Council v. Watt*,

21   643 F.2d 618, 624 (9th Cir. 1981).

22           A pro se litigant is entitled to notice of the deficiencies in the complaint and an

23   opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.

24   *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

25   ////

26   ////

1  DISCUSSION

2        As a threshold matter, plaintiff's conviction was reversed on appeal.  Thus, this lawsuit

3  generally meets the criteria for pursuing a civil rights action based upon the overturned

4  conviction, its prosecution, plaintiff's incarceration and other allegedly related injuries.  "[I]n

5  order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other

6  harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a

7  § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

8  expunged by executive order, declared invalid by a state tribunal authorized to make such

9  determination, or called into question by a federal court's issuance of a writ of habeas corpus."

10  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

11        SOLANO COUNTY DEFENDANTS

12        Plaintiff alleges that Solano County District Attorney David Paulson and Solano County

13  Deputy District Attorney Julie Underwood (the attorney who prosecuted plaintiff) improperly

14  pursued charges in all three trials against him.  Compl. at 4-5.  Plaintiff states that the defendants

15  should have known that a unanimity instruction was required.  He also claims that these

16  defendants presented perjured testimony, knowingly turned over false evidence in discovery and

17  aided the mother of the victim in a civil case.  Compl. at 4-5, 8; Dckt. No. 17 at 22.  It appears

18  that plaintiff alleges his Due Process rights were violated as well as the Double Jeopardy clause

19  of the Fifth Amendment.  Compl. at 32, 36-37.  Plaintiff contends that these district attorney

20  defendants acted outside the scope of their professional duties, thus shedding the protection of

21  absolute prosecutorial immunity.  Compl. at 4-5.  Plaintiff also names Solano County as a

22  defendant because the Solano County Superior Court did not hear plaintiff's habeas case.[7]

23  Compl. at 32.

24

25        [7] The California Court of Appeal, First District denied plaintiff's writ of habeas corpus
as moot, after reversing the judgment against him. *People v. Navarro*, California Court of
Appeal, First Appellate District Case No. A113201; *see also People v. Navarro*, 2007 WL

26  2923974 at 8 (Cal. App. 1 Dist. Oct. 9, 2007).

1    Defendants Paulson and Underwood argue that claims against them should be dismissed

2    with prejudice because they are immune from liability.  "Prosecutors are absolutely immune

3    from liability under § 1983 for their conduct insofar as it is 'intimately associated' with the

4    judicial phase of the criminal process." *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005);

5    *Burns v. Reed*, 500 U.S. 478, 486 (1991).  Prosecutors are fully protected by absolute immunity

6    when performing traditional activities related to the initiation and presentation of criminal

7    prosecutions.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Botello*, 413 F.3d at 976 (it is

8    "well established that a prosecutor has absolute immunity for the decision to prosecute a

9    particular case.").  Thus, even claims of malicious prosecution, falsification of evidence,

10   coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on

11   grounds of prosecutorial immunity.  *See Stevens v. Rifkin*, 608 F. Supp. 710, 728 (N.D. Cal.

12   1984).  However, this immunity protects prosecutor only when acting in their roles in the

13   initiation and presentation of criminal prosecutions.  Thus, in *Ewing v. City of Stockton*, __ F. 3d

14   __ , 2009 WL 4641736 (9th Cir. Dec. 9, 2009), the Ninth Circuit emphasized that prosecutors are

15   only entitled to qualified immunity, not absolute immunity, when advising police in an

16   investigation.  *Id*. at

17   * 12-13.

18   Here, plaintiff alleges that prosecutors Paulson and Underwood engaged in the following

19   conduct for which they should not be immune: (1) not giving a unanimity instruction; (2)

20   presenting perjured testimony; (3) Underwood was in contact with the victim's mother regarding

21   a civil case; and (4) turning over backdated emails.  Judges instruct juries, not the attorneys.

22   Construing plaintiff's allegation to be that the prosecutors failed to ask for a unanimity

23   instruction, the failure to seek a particular jury instruction is clearly part of the judicial

24   proceedings and the defendants are entitled to absolute immunity.  The same is true as to the

25   allegations of perjured testimony.  The presentation of witnesses and the direct and cross-

26   examination of witnesses are acts plainly within the role of prosecutors as participants in the

7

1  judicial proceedings and plaintiff's claims in this regard are barred by absolute prosecutorial

2  immunity.

3      Plaintiff notes that defendant Underwood was in contact with the mother of the victim

4  regarding a civil matter against plaintiff. Dckt. No. 17 at 22. The exact nature of Underwood's

5  contact with the mother of the victim and the scope of the time period is difficult to discern from

6  plaintiff's pleadings, though it seems to have involved obtaining a restraining order and also a

7  deposition.[8] Dckt. No. 17 at 22, 66. Neither of these allegations articulate facts or specific

8  conduct that deprived plaintiff of a federally-protected right.

9      Plaintiff also alleges that defendants Paulson and Underwood turned over emails during

10  discovery that they knew were backdated. Yet, it is not clear from plaintiff's complaint at what

11  point in the investigation the backdating occurred or if these defendants were even involved in

12  the backdating.[9] The allegation that discovery was turned over in the course of the prosecution

13  of the criminal case that was altered in some way asserts conduct that was performed within the

14  course of the judicial proceeding and is not adequate to overcome absolute immunity. To be

15  sure, there are remedies and sanctions that pertain to such conduct, when it actually occurs, but

16  an action for damages under Section 1983 is not among them.

17      Plaintiff's claims against Paulson and Underwood, as currently drafted, are barred by the

18  doctrine of absolute prosecutorial immunity. A review of plaintiff's pleadings[10] indicates that

19  the conduct plaintiff describes was associated with the judicial phase of the proceedings.

20  However, to the extent it might be possible for plaintiff to articulate facts showing that

21  Underwood's alleged contact with the mother of the victim and the alleged backdating of emails

22

23      [8] Plaintiff includes excerpts of a civil court hearing from June 14, 2004. Dckt. No. 17 at
64. This court hearing occurred nearly two months after plaintiff was charged with the crimes.

24

25      [9] There are no specific allegations whatsoever against Paulson in any of these claims.

26      [10] Plaintiff filed several oppositions to the motions to dismiss totaling approximately 384
pages that are equally vague and confusing. Dckt. Nos. 16, 17, 22, 26, 34.

8

1    occurred during the police investigation and outside to scope of the judicial proceedings only

2    qualified immunity rather than absolute immunity would apply.  *Ewing*, 2009 WL 4641736 (9th

3    Cir. Dec. 9, 2009).  Because the complaint contains no such allegation and it is unclear whether

4    plaintiff could allege such facts, the court does not separately analyze qualified immunity.

5    However, plaintiff will be given an opportunity to amend his complaint.

6            There are other flaws in the complaint as it pertains to the county defendants.  To state a

7    claim against Solano County under § 1983, plaintiff must allege facts to support a violation of

8    his constitutional rights pursuant to a policy or custom of the municipality.  *Cortez v. County of*

9    *Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436

10   U.S. 658, 690-91 (1978)).  A plaintiff cannot therefore state a § 1983 claim against a municipal

11   defendant unless he alleges that the municipal defendant maintained a policy or custom pertinent

12   to the plaintiff's alleged injury and explains how such policy or custom caused his injury.

13   *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal

14   defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

15           Plaintiff's alleged injury arises due to Solano County Superior Court refusing to "hear"

16   his writ of habeas corpus.  The complaint is not clear as to plaintiff's allegation.  It is not

17   apparent if Solano County Superior Court dismissed the writ of habeas corpus or if the writ was

18   denied as moot before it could be reviewed.  Regardless of plaintiff's precise claim, he has failed

19   to articulate any facts demonstrating that Solano County maintained a policy or custom that

20   caused injury to plaintiff.  Therefore, plaintiff has not stated a § 1983 claim against Solano

21   County.

22           This court cannot discern any manner by which plaintiff could cure the defects of his

23   claims against Solano County so this defendant should be dismissed with prejudice.  Plaintiff

24   will be permitted leave to amend his complaint with respect to Paulson and Underwood, but only

25   to the extent that plaintiff can allege facts regarding their involvement in the pre-trial

26   investigation and that, in the course of the investigation, they engaged in specific acts that

                                                    9

1  deprived plaintiff of a federally-protected right.  Instructions regarding plaintiff's amended

2  complaint will be discussed below.

3        <u>VACAVILLE CITY DEFENDANTS</u>

4        The Vacaville City Defendants consist of the City of Vacaville, Vacaville Police

5  Department, Vacaville Police Chief Richard Word, and Vacaville Police Officers Raye

6  Donaldson and Jeffrey Datzman ("Vacaville City Defendants").[11]  Plaintiff alleges that the

7  Vacaville Police Officers provided perjured testimony at trial and falsified evidence against him.

8  Plaintiff has made no specific allegations against the City of Vacaville, the Vacaville Police

9  Department or Vacaville Police Chief Richard Word.

10        As with defendant Solano County, to state a claim against the City of Vacaville, plaintiff

11  must allege facts to support a violation of his constitutional rights pursuant to a policy or custom

12  of the municipality.  *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001)

13  (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)).

14        The Vacaville Police Department, on the other hand, is a department of the City and is

15  not a separate "person" under Section 1983.  *See United States v. Kama*, 394 F.3d 1236, 1239-40

16  (9th Cir. 2005) ( "[M]unicipal police departments and bureaus are generally not considered

17  'persons' within the meaning of 42 U.S.C. § 1983.");  *Vance v. County of Santa Clara*, 928 F.

18  Supp. 993, 996 (N.D.Cal.1996) ("The County is a proper defendant in a § 1983 claim, an agency

19  of the County is not."); *Brockmeier v. Solano County Sheriff's Dept.*, 2006 WL 3760276, *4

20  (E.D. Cal. 2006) ("Because the Solano County's Sheriff's Department is a municipal department

21  of Solano County, the court therefore finds that the Sheriff's Department is not a properly named

22  defendant for purposes of plaintiff's § 1983 claims."). Accordingly, the Vacaville Police

23  Department is not a proper defendant and must be dismissed with prejudice.

24  _____

25    [11]  Defendants Donaldson, Datzman and Word waive improper service of process upon
them, and join defendants City of Vacaville and the Vacaville Police Department in this motion
26  to dismiss. Dckt. No. 9 at 4.

1    To state a claim against Vacaville Police Chief Richard Word, plaintiff must allege

2  sufficient facts to connect Chief Word to this case; plaintiff has alleged no facts.  "[A] complaint

3  must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

4  on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550

5  U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that

6  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

7  alleged." *Id*.

8    With respect to Vacaville Police Officers Donaldson and Datzman ("Officers"),

9  plaintiff's complaint references these officers many times and plaintiff has reproduced numerous

10  sections of trial testimony of the Officers.  The court has attempted, with very limited success, to

11  correlate the excerpts of testimony, interviews and email transcripts set forth in plaintiff's prolix

12  and disorganized complaint, along with the many exhibits submitted by the parties, in order to

13  make a preliminary assessment of plaintiff's claims against the Officers.  Plaintiff's claims seem

14  to involve a great deal of alleged perjured testimony and the altering of dates on an email that

15  may have been submitted as evidence.

16    A witness, including a police witness, has absolute immunity from civil liability for his or

17  her testimony, including perjury, and from allegations of conspiracy to commit perjury.  *Paine v.*

18  *City of Lompoc*, 265 F.3d 975, 981 (9th Cir. 2001).  However, this immunity "does not shield

19  non-testimonial conduct" nor shield conduct that is not "inextricably tied" to the testimony, such

20  as fabricating or tampering with evidence, or "effort[s] to keep certain witnesses or physical

21  evidence from the opposing party."  *Id*. at 981-82.  A witness is not "insulated from liability" for

22  all of his or her conduct simply because of his or her role as a witness.  *Id*.

23    Although the Officers have immunity with regard to their testimony at plaintiff's trials,

24  they may not be immune from liability for the non-testimonial conduct plaintiff alleges they

25  engaged in during the investigation of his case.  However, with current state of plaintiff's

26  pleadings, the court cannot make a determination what specific non-testimonial conduct plaintiff

1    relies of for asserting a claim under § 1983.  His allegations as currently stated simply do not

2    meet the standards set forth in *Iqbal* and *Twombly*.  Therefore, the claims must be dismissed with

3    leave to amend.  Plaintiff will be given the opportunity to amend his complaint to specifically

4    allege the non-testimonial conduct that the officers engaged in and what specific federally-

5    protected right he was deprived because of that conduct .

6        Finally, as to the City Defendants, plaintiff has not made any specific allegation

7    regarding the City of Vacaville or Vacaville Police Chief Richard Word in his official or

8    individual capacity and those claims must be dismissed for failure to state a claim.  However, in

9    light of plaintiff's allegations regarding the Officers, plaintiff will be allowed to amend his

10   complaint as to these defendants, but only to the extent that plaintiff can allege facts to support a

11   violation of his federal rights pursuant to a policy or custom of the municipality or any conduct

12   on behalf of Chief Word.  For the reasons addressed above, the undersigned recommends that

13   the Vacaville Police Department be dismissed with prejudice.

14       <u>STATE DEFENDANTS</u>

15       The "State Defendants" named by plaintiff are the State of California, Governor Arnold

16   Schwarzenegger, California Department of Justice, Attorney General Edmund G. Brown, Jr., the

17   California Department of Corrections and Rehabilitation ("CDCR"), CDCR Secretary Matthew

18   Cate, CDCR Commissioner Robert Doyle and the Board of Prison Terms ("BPT").  The face of

19   the complaint states that all defendants are sued both in their individual and official capacities.

20       Plaintiff's claims against the State Defendants appear to be that: (1) plaintiff was denied

21   adequate medical care while incarcerated by CDCR; (2) plaintiff was denied equal protection by

22   being forced to register on the Sex Offender Registry, and because the State of California,

23   California Department of Justice and Governor Schwarzenegger erroneously reported plaintiff's

24   committing offense information on the Sex Offender Registry and failed to timely remove his

25   name after the conviction was reversed; and (3) the BPT or CDCR subjected plaintiff to

26   unreasonable and vague parole conditions that constituted cruel and unusual punishment.

a. <u>Eleventh Amendment Immunity</u>

The State Defendants contend that they are immune from suit pursuant to the Eleventh Amendment to the U.S. Constitution.  The government entities allege they are immune altogether and the individuals contend they are immune in their official capacities.  Plaintiff responds that these defendants have each implicitly waived their Eleventh Amendment immunity by participating in federally funded programs.

States are protected by the Eleventh Amendment from suits brought by citizens in federal court.  *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669 (1999).  There are only three exceptions to this general rule.  First, a state may waive its Eleventh Amendment defense.  *College Sav. Bank*, 527 U.S. at 670 (citing *Clark v. Barnard*, 108 U.S. 436, 447-48 (1883)).  Second, Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority.  *Kimel v. Florida Board of Regents*, 528 U.S. 62, 80 (2000).  Third, under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a "suit against a state official when that suit seeks . . . prospective injunctive relief." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996).

Suits are also barred against an "arm of the state" or its agencies.  *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991).  "'States or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes' are not 'persons' under § 1983."  *Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836, 839 (9th Cir. 1997) (quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989)).

Plaintiff essentially argues that either the state or Congress created a specific private right of action in federal court against the state and state agencies for sex offenders or those whose offenses are incorrectly cited on the sexual offender registry.[12]  Plaintiff contends that these state agencies waived their Eleventh Amendment immunity by participating in federally funded

---

[12]  Implied in plaintiff's argument is that the state also waived its immunity for suits alleging Eighth Amendment medical claims and regarding parole conditions.

1    programs such as the Adam Walsh Act, Megan's Law and the Jessica Lunsford Act.  Dckt. No.

2    22 at 16.  Plaintiff asserts that the state also receives federal funding pursuant to the Pam

3    Lyncher Sexual Offender Tracking and Identification Act, the Wetterling Act, the Jeanne Clery

4    Disclosure of Campus Security Policy and Campus Crime Statistics Act, the Family Educational

5    Rights and Privacy Act of 1974 and Operation Predator.  *Id*. at 16-18.  Plaintiff argues that "[a]

6    violation . . . of Federal Constitutional Rights having to do with the sex offender registry and the

7    funded programs subjects the State to suit in Federal Court by consent."  *Id*. at 18.

8         Plaintiff's waiver argument is novel.  While states do have the ability to waive an

9    Eleventh Amendment defense and Congress can abrogate sovereign immunity, plaintiff fails to

10   direct the court to any authority to demonstrate that either situation exists here.  The court has

11   found no authority of state waiver or Congressional abrogation with respect to sexual offender

12   registration, Eighth Amendment medical claims or parole conditions.  In addition, several of the

13   programs and acts plaintiff describes are not federal laws or have no involvement with the claims

14   in the instant case.  There has been no clear waiver or abrogation of immunity here.  Thus, the

15   court finds the state government/institutional defendants immune to suit pursuant to the Eleventh

16   Amendment.  Accordingly, the State of California, California Department of Justice, California

17   Department of Corrections and Rehabilitation, and Board of Prison Terms – are immune from

18   suit in this action pursuant to the Eleventh Amendment, and must be dismissed with prejudice.

19        The individuals associated with these state entities and named herein in their official

20   capacities – Governor Arnold Schwarzenegger, Attorney General Edmund G. Brown, Jr., CDCR

21   Secretary Matthew Cate and CDCR Commissioner Robert Doyle – must also be dismissed in

22   their official capacities.  A suit for damages against a state official, in his or her official capacity,

23   is tantamount to a suit against the state itself and is therefore also barred by the Eleventh

24   Amendment.  *Pennhurst v. Halderman*, 465 U.S. 89, 101-102 (1984); *Will*, 491 U.S. at 71.  A

25   state official, acting in his or her official capacity, is not a "person" for purposes of a section

26   1983 damages action.  *Will*, at 71.

1    Accordingly, the court finds that these state officials – Governor Schwarzenegger,

2  Attorney General Brown, Jr., CDCR Secretary Cate, and CDCR Commissioner Doyle – are

3  immune from suit pursuant to the Eleventh Amendment, and must be dismissed with prejudice

4  from this action in their official capacities.

5    The remaining question is whether plaintiff may sue any of the state officials in their

6  individual capacities.  Aside from naming these officials as defendants on the cover page, they

7  are not referenced in the complaint.  Plaintiff has failed to set forth any specific allegations

8  against these defendants.  The complaint clearly fails to "state a claim to relief that is plausible

9  on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).  While the court is

10  skeptical that plaintiff can allege sufficient facts against these defendants in their individual

11  capacities, plaintiff will be granted leave to amend to identify the actions of these defendants in

12  their individual capacities regarding the claims discussed below.

13    b.  Medical Claims

14    Plaintiff also challenges the medical care he received while incarcerated.  Compl. at 38-

15  39.  The State Defendants have moved to have this claim dismissed as plaintiff failed to exhaust

16  administrative remedies pursuant to 42 U.S.C. § 1997e(a), which requires that "[n]o action shall

17  be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law,

18  by a prisoner confined in any jail, prison, or other correctional facility until such administrative

19  remedies as are available are exhausted." *Id.*

20    While plaintiff did not exhaust administrative remedies, he did not commence this action

21  until after he was released from prison.  The Ninth Circuit recently held that "only those

22  individuals who are prisoners (as defined by 42 U.S.C. § 1997e(h)) at the time they file suit must

23  comply with the exhaustion requirements of 42 U.S.C. § 1997e(a)." *Talamantes v. Leyva*, 575

24  F.3d 1021, 1024 (9th Cir. 2009).  As plaintiff was released from custody approximately one year

25  before filing this action, he was not a prisoner at that time and therefore was not required to

26  exhaust administrative remedies.

1    Nonetheless, the state agency defendants are immune from suit as are the individuals in

2    their official capacities.  Plaintiff does not identify the actions of any specific individuals with

3    regard to his claims that he received inadequate medical care while incarcerated.  Plaintiff

4    contends that several prison guards ignored his requests for medical attention after his gout

5    condition worsened but does not identify the guards by name and does not specify when this

6    occurred.  Plaintiff also makes general allegations about not receiving cholesterol medication

7    which he claims led to a heart attack, but again, plaintiff makes no specific allegations against

8    any individual.

9    In order to state a § 1983 claim for violation of the Eighth Amendment based on

10   inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

11   deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

12   To prevail, plaintiff must show both that his medical needs were objectively serious, and that

13   defendants possessed a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 299

14   (1991); *McKinney v. Anderson*, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of

15   mind for a medical claim is "deliberate indifference."  *Hudson v. McMillian*, 503 U.S. 1, 4

16   (1992).

17   A serious medical need exists if the failure to treat a prisoner's condition could result in

18   further significant injury or the unnecessary and wanton infliction of pain.  Indications that a

19   prisoner has a serious need for medical treatment are the following:  the existence of an injury

20   that a reasonable doctor or patient would find important and worthy of comment or treatment;

21   the presence of a medical condition that significantly affects an individual's daily activities; or

22   the existence of chronic and substantial pain.  *See, e.g., Wood v. Housewright*, 900 F. 2d 1332,

23   1337-41 (9th Cir. 1990) (citing cases); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir.

24   1989).  *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*,

25   *WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

26   ////

16

1    To the extent plaintiff can identify specific individual defendants who denied him

2    medical care or were indifferent to his medical needs and specific facts in support thereof,

3    plaintiff will be granted leave to amend his complaint to do so.

4        c. <u>Sex Offender Registration</u>

5    Plaintiff makes several claims associated with the requirement that he register as a sex

6    offender.  Although, as with the former, the chronology and exact facts remain unclear, plaintiff

7    generally describes the relevant fact as follows.  Presumably, although not stated, plaintiff was

8    required to register as a sex offender upon his release from incarceration in August or September

9    2007.  Dckt. No. 22 at 9.  It appears the registry originally identified plaintiff's conviction as two

10   counts of oral copulation with a person under the age of 16 or 18 years-old, pursuant to

11   California Penal Code §§ 288(b)(2) and 288a(b)(1), which apparently could lead people to

12   believe that the victim was quite young.  Compl. at 87.  However, plaintiff was found guilty of

13   violating only section 288(c)(1) which specifies lewd or lascivious act with a 14 or 15 year-old.

14   The registry was partially corrected at some unknown date,[13] but retained a reference to "acts"

15   (rather than "act").  Compl. at 6, 89.  On June 6, 2008, plaintiff was notified by letter from DOJ's

16   Sex Offender Tracking Program that the requirement of his registration had been terminated.

17   Compl. at 94.

18   Plaintiff contends that, despite reversal of his conviction on October 9, 2007, he was not

19   released from the Registry until June 6, 2008, and contends that this was an unreasonable period

20   of time, therefore a violation of the Equal Protection Clause.

21   "The Equal Protection Clause ... is essentially a direction that all persons similarly

22   situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432,

23   439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  "'To state a claim under 42 U.S.C.

24   § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff

25   

26       [13] A letter from the California Department of Justice on August 22, 2006, indicated the change would take two days.  Compl. at 90.  It is unclear if the change was made in two days.

1   must show that the defendants acted with an intent or purpose to discriminate against the

2   plaintiff based upon membership in a protected class.'"  *Lee v. City of Los Angeles*, 250 F.3d

3   668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

4           Plaintiff has not alleged that he is a member of a protected class.  Nor has he articulated

5   any basis for a claim of disparate treatment.  Accordingly, plaintiff fails to state a claim for relief

6   under the Fourteenth Amendment for violation of the Equal Protection Clause.  In addition, the

7   majority of defendants that plaintiff identifies with respect to this claim are immune from suit as

8   government entities or officials in their official capacities.  To the extent plaintiff can identify

9   specific individual defendants who were responsible for the errors on the Registry and specific

10  facts in support thereof, plaintiff will be granted leave to amend his complaint to do so.

11          d.  Parole Conditions

12          Plaintiff also contends that his parole conditions were unreasonable, vague and

13  constituted cruel and unusual punishment under the Eighth Amendment.  The circumstances and

14  conditions of plaintiff's parole are gleaned from the attachments to his complaint which are

15  properly considered on these Rule 12(b)(6) motions.  It should be noted that plaintiff was placed

16  on parole by the Board of Prison Terms prior to the reversal of his conviction.[14]  Plaintiff objects

17  to the conditions that were applied to him when the Board of Prison Terms issued conditions

18  based on plaintiff's conviction for sexual misconduct.  The parole conditions restricted plaintiff

19  from interacting with minors, possessing sexually explicit materials, mandated drug testing and

20  restricted the use of alcohol.  Compl. at 151-155.

21          Plaintiff argues that alcohol and drugs played no part in his conviction and therefore

22  should not have been involved in the parole conditions.  Compl. at 6.  Plaintiff also states he had

23

24          [14] It is not clear from the pleadings how long plaintiff was on parole, but plaintiff was
    released from prison in August or September 2007 and the conviction was reversed on October
25  9, 2007.  Dckt. No. 22 at 9, *People v. Navarro*, California Court of Appeal, First Appellate
    District Case No. A113201; *see also People v. Navarro*, 2007 WL 2923974 (Cal. App. 1 Dist.
26  Oct. 9, 2007).

1   to remove his wife's Barbie doll collection as one of the conditions that prevented him from

2   possessing children's toys.  *Id.*

3          Pursuant to California law, the Board of Prison Terms upon granting parole may impose

4   "any conditions that it may deem proper." Cal. Penal Code § 3053.  There are limits, as the

5   California Court of Appeal stated:

6               Parole conditions, like conditions of probation, must be reasonable
                since parolees retain constitutional protection against arbitrary and
7               oppressive official action. Conditions of parole must be reasonably
                related to the compelling state interest of fostering a law-abiding
8               lifestyle in the parolee. Thus, a condition that bars lawful activity
                will be upheld only if the prohibited conduct either 1) has a
9               relationship to the crime of which the offender was convicted, or
                2) is reasonably related to deter future criminality.
10

11  *In re Corona*, 160 Cal.App.4th 315, 321 (2008) (citations and quotation marks omitted).  The

12  Ninth Circuit held in *Bagley v. Harvey*, 718 F.2d 921 (9th Cir. 1983), that "parole conditions

13  must be sustained if there is a rational basis in the record for them." *Id.* at 925.

14          The parole conditions plaintiff challenges were all reasonable based on the factors set

15  forth in *Corona*.  *See Bagley,* 718 F.2d at 925 (parole condition upheld where petitioner was

16  restricted from entering Washington State except for purpose of litigation or child visitation).

17  Plaintiff's argument consists solely of conclusory statements.  Although his conviction may have

18  ultimately been reversed, at the time the conditions were imposed plaintiff had been convicted of

19  committing a lewd act on a minor 14 or 15 years of age.  The parole conditions imposed that

20  restricted his access to minors and locations such as schools and playgrounds were rationally

21  related to that conviction.  Additionally, restrictions on drugs and alcohol are also reasonably

22  related to deter future criminal behavior and aid in fostering a law-abiding lifestyle.  Because

23  plaintiff's own exhibits show that he cannot allege sufficient facts with respect to this claim, the

24  claim must be dismissed without leave to amend.

25  ////

26  ////

AMENDED COMPLAINT

As noted with respect to several of plaintiff's claims arising under § 1983, he failed to allege specific facts or identify appropriate defendants.  The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

In an amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional

1   violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979);

2   *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  Vague

3   and conclusory allegations concerning the involvement of official personnel in civil rights

4   violations are not sufficient.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

5          Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the Federal Courts. *See*

6   *Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992 (2002).  Complaints are required to set a

7   forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of

8   the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8

9   requires only "sufficient allegations to put defendants fairly on notice of the claims against

10  them."  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

11         Even if the factual elements of the cause of action are present, but are scattered

12  throughout the complaint and are not organized into a "short and plain statement of the claim,"

13  dismissal for failure to satisfy Rule 8(a)(2) is proper.  *McHenry v. Renne*, 84 F.3d 1172, 1178

14  (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and

15  *on what theory*, with enough detail to guide discovery" (emphasis added)).  A complaint that

16  fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ.

17  P. 41(b).  Rule 8; *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981)).

18  Further,  "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on

19  whether the complaint is wholly without merit," *McHenry*, 84 F.3d at 1179.

20         The complaint in this action illustrates the "unfair burdens" imposed by complaints,

21  "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to

22  perform the essential functions of a complaint."  *McHenry*, 84 F.3d at 1179-80.

23         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

24  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

25  complaint be complete in itself without reference to any prior pleading.  This is because, as a

26  general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff files an amended complaint it may be no longer than 25 pages.  Plaintiff should not rely on exhibits to state his claims.  If plaintiff files an amended complaint, he should clearly identify each defendant and include a short statement regarding what each defendant did which allegedly violated his constitutional rights.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The motion to dismiss, Dckt. No. 7, be granted in part, in that Solano County be dismissed with prejudice and that Solano County District Attorney David Paulson and Solano County Deputy District Attorney Julie Underwood be dismissed without prejudice.

2.  The motion to dismiss, Dckt No. 9, be granted in part, in that the Vacaville Police Department be dismissed with prejudice and the City of Vacaville, Vacaville Police Chief Richard Word and Vacaville Police Officers Raye Donaldson and Jeffrey Datzman be dismissed without prejudice;

3.  The motion to dismiss, Dckt. No. 21, be granted in part, in that the State of California, the California Department of Justice, the California Department of Corrections and Rehabilitation, and the Board of Prison Terms be dismissed with prejudice;

4.  Governor Arnold Schwarzenegger, Attorney General Edmund G. Brown, Jr., CDCR Secretary Matthew Cate, and CDCR Commissioner Robert Doyle, each in their official capacities be dismissed with prejudice;

5.  Governor Arnold Schwarzenegger, Attorney General Edmund G. Brown, Jr., CDCR Secretary Matthew Cate, and CDCR Commissioner Robert Doyle, each in their individual capacities be dismissed without prejudice;

6.  Plaintiff's claim regarding unreasonable parole conditions be dismissed without leave to amend.

1        Further, it is HEREBY ORDERED that:

2        1.  Plaintiff's remaining claims are dismissed with leave to file an amended complaint, as

3    discussed above.

4        2.  If plaintiff files an amended complaint it may be no longer than 25 pages.  Plaintiff

5    should not rely on exhibits to state his claims.

6        3.  Any amended complaint must be submitted within 14 days of any order adopting

7    these findings and recommendations.  Failure to file an amended complaint will result in a

8    recommendation that this action be dismissed with prejudice.

9        4.  Plaintiff's motion requesting a decision, Dckt No. 38, is denied as moot.

10       These findings and recommendations are submitted to the United States District Judge

11   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

12   after being served with these findings and recommendations, any party may file written

13   objections with the court and serve a copy on all parties.  Such a document should be captioned

14   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

15   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

16   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

17   DATED:  January 25, 2010.

18                                   EDMUND F. BRENNAN
19                                   UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26