UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER NAVARRO, JR., ) | Case No. CIV S-08-2562 JAM EFB |
| ) | PS |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER DISMISSING PLAINTIFF'S |
| ) | REMAINING CLAIMS WITH |
| STATE OF CALIFORNIA, et al., ) | PREJUDICE |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

This action is before the Court following remand from the Ninth Circuit Court of Appeals. See Ninth Circuit Court of Appeals Mandate dated December 20, 2011 (Doc. #60). The Ninth Circuit asked this Court to address Plaintiff Peter Navarro's ("Plaintiff") remaining state law claims against several defendants based on his allegedly improper registration as a sex offender. The Ninth Circuit remanded the action "so that the court may decide whether to exercise supplemental jurisdiction over these claims." Id. at 4 (citing Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) (requiring clarification on remand that dismissal based on declining supplemental jurisdiction was without

1

prejudice)).

In January 2010, the assigned magistrate judge issued an order and findings and recommendations (Doc. #39).  The magistrate judge recommended that defendants' motions to dismiss be granted in part and denied in part, with some defendants being dismissed with prejudice and others without prejudice.  Id. at 22.  The magistrate judge also recommended that Plaintiff's remaining claims, including the state law claims, should be dismissed with leave to amend because they were not pleaded in accordance with Federal Rule of Civil Procedure 8.  Id. at 23.

Plaintiff filed objections to the magistrate judge's findings and recommendations on February 3, 2010 (Doc. #40) indicating therein that he did not intend to file an amended complaint in order to proceed with those claims dismissed without prejudice.  Several defendants filed a reply to the objections (Doc. # 42), and Plaintiff responded to the reply (Doc. # 44).

On March 23, 2010, after consideration of all of the parties' filings regarding the findings and recommendations, the Court issued an order "adopt[ing] the proposed Findings and Recommendations in full, with the exception that the dismissal is affected by Plaintiff's objections."  (Doc. # 49).  The order provided that "[i]n light of Plaintiff's statement that an amendment 'would serve no purpose,' as he has presented all of the facts in the pending complaint, each of Defendants' motions to dismiss are granted in their entirety, with prejudice."  Id.  The order then went on to grant all of the pending motions to dismiss and dismissed all of the named defendants with prejudice.  Id. at 2-3.

The Court now expressly exercises jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367.  In light of Plaintiff's decision not to file an amended complaint that conforms to Rule 8 and the representation that doing so 'would serve no purpose,' none of Plaintiff's remaining state law claims are viable because they are inadequately pleaded.

Accordingly, it is ordered that all of Plaintiff's remaining state law claims are dismissed with prejudice.

IT IS SO ORDERED.

Dated: January 6, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE